UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MARYANN HEISER,**

       **Plaintiff,**

 -against-              1:14-cv-00464

**JOSEPH COLLORAFI, CHRISTOPHER HOLMES,
and STATE OF NEW YORK,**

       **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I. INTRODUCTION**

Plaintiff, Maryann Heiser, a former employee of the New York State Division of Homeland Security and Emergency Services ("DHSES"), alleges employment discrimination in violation of Title VII, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 292, et. seq. ("NYSHRL"). Plaintiff alleges that she was subjected to: (I) a sex-based hostile working environment; and (ii) retaliation in the form of decreased work hours and responsibilities after she complained about being subjected to sexual harassment.

Defendants Joseph Collorafi, Christopher Holmes, and the State of New York (collectively, "Defendants") move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the First Cause of Action (Title VII sex-based hostile

1

work environment) and the Third Cause of Action (NYSHRL sex-based hostile work environment and retaliation against the individual Defendants).[1]  Plaintiff has opposed the motion and the Defendants have filed a reply. The Court has considered all of the submissions in this matter, and reaches its decision without the need for oral argument.

## II. STANDARDS OF REVIEW

### a. Fed. R. Civ. P. 12(b)(1)

In deciding a Fed. R. Civ. P. 12(b)(1) motion, the Court "may refer to evidence outside the pleadings." *United States v. Real Property and Premises Located at 249-20 Cambria Ave.*, 21 F. Supp.3d 247, 249 (E.D.N.Y. 2014).  Notably, "[t]he standard for reviewing a [Fed.R.Civ.P.12(b)(1) ] motion to dismiss is essentially identical to the [Fed.R.Civ.P.] 12(b)(6) standard," "except that '[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Taylor v. New York State Office for People with Developmental Disabilities*, 2014 WL 1202587, at *3 (N.D.N.Y. Mar. 14, 2014) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

### b. FED. R. CIV. P. 12(b)(6)

On a motion to dismiss, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted).  This tenet does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[1] Plaintiff does not allege NYSHRL claims against the State of New York.

2

accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. BACKGROUND

Where pertinent, the Court discusses the background facts in connection with the issues analyzed below.

## IV. DISCUSSION

### a. Election of Remedies

On March 13, 2013, Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on sex and retaliation. *See* Matula Decl., Ex. A. The charge is addressed to: "New York State Division of Human Rights and EEOC." *Id.* Plaintiff signed this Charge under the box indicating:

> I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

*Id.*

Plaintiff alleges that "[s]ince about the summer of 2012 and continuing to about September 6, 2012, I was subjected to unwelcome comments and emails of a sexual nature from the Operations Lead, Joseph Collorafi." *Id.* Plaintiff further alleges that following her employer's investigation "into the complaint and on or about February 25, 2013, Collorafi's friend Mr. Holmes, another manager for [the employer], formally disciplined me for

3

inappropriate accusations against management and not following the chain of command." *Id.*

On May 20, 2013, Plaintiff amended her EEOC Charge by filing another "Charge of Discrimination." *See* Lynch Decl. Ex. A. This Amended Charge was also filed with the EEOC. *Id.* The front page of the Amended Charge indicates that the "cause[s] of discrimination" are "sex" and "retaliation." *Id.* Plaintiff also indicates:

> I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

*Id.* Attached to the Amended Charge is a seven page notarized statement from Plaintiff in which she recounts allegedly retaliatory conduct by Collorafi, Holmes, and other New York State employees.

Defendants argue that by cross-filing the charges with the New York State Division of Human Rights ("DHR") and the EEOC, Plaintiff has elected to proceed with her state-based claims administratively and, therefore, is barred from bringing them in this Court. Plaintiff argues that because she chose to file her claim with the EEOC, she did not elect to proceed administratively with her state claims. She further argues that because there is no proof that the EEOC forwarded her charges to the DHR, her state law claims are not barred by the election of remedies doctrine.

It is well settled that a party that files a claim with the DHR is precluded from bringing a civil action based on the same claims unless the administrative claim was dismissed on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled. *See* N.Y. Exec. L. § 297(9); *Johnson v.*

4

*County of Nassau*, 411 F. Supp.2d 171, 184 (E.D.N.Y. 2006). "The litigant need not have *adjudicated* her claim in the DHR in order to foreclose her opportunity to pursue the claim in court." *DeWald v. Amsterdam Hous. Auth.*, 823 F. Supp. 94, 100 (N.D.N.Y. 1993) (emphasis in original)). However, as Judge Hurd held in *E.E.O.C. v. Rotary Corp.*:

> While it is true that a charge filed with the DHR can be dismissed on grounds of administrative convenience, the DHR cannot dismiss a charge that it has not physically received and for which it has no documentation. As noted above, the DHR has never received any documentation regarding [the aggrieved party's] charge. A DHR file was never opened with regard to her charges. Therefore, it is not possible for the DHR to dismiss [the aggrieved party's] charge.
>
> This fact leads to the anomalous result that [the aggrieved party] cannot seek dismissal of her charge on the ground of administrative convenience, solely because the EEOC—in accordance with the provisions of the Worksharing Agreement between it and the DHR—chose to handle [the aggrieved party's] charge by itself. In light of the injustice that would result if [the aggrieved party] were deprived of an opportunity to pursue her state law remedies in court solely because the EEOC chose not to forward her charge of discrimination to the DHR, it is held that her charge cannot be deemed to have been "filed" with the DHR for election of remedies purposes within the meaning of Section 297(9). Regardless of any notation at the time of filing, or the Worksharing Agreement, a charge of discrimination filed with the EEOC cannot be considered filed with the DHR for election of remedy purposes until such time as the complaint is actually forwarded to the DHR by EEOC, and DHR opens a file.

*E.E.O.C. v. Rotary Corp.*, 164 F. Supp. 2d 306, 310 (N.D.N.Y. 2001).

Judge Hurd concluded: "Because plaintiff is deemed not to have elected an administrative forum for her state law claims, this court has proper subject matter jurisdiction over plaintiff's New York Executive Law cause of action." *Id.*

The Court agrees with Judge Hurd's reasoning. Since there is no indication that the DHR ever received Plaintiff's complaint or opened a file, Plaintiff's claims under the NYSHRL are not barred by the doctrine of election of remedies. *Rotary Corp.*, 164 F. Supp. 2d at 310; *Presser v. Key Food Stores Co-op, Inc.*, 2002 WL 31946714, *3 (E.D.N.Y. Dec

03, 2002). Defendants' motion on this ground is denied.

### b. Individual Defendants as Employers

Next, Defendants argue that because the Eleventh Amendment bars the state-law claims against the State of New York, the individual Defendants cannot be held liable under the NYSHRL unless one of them is deemed to be an "employer" as defined by New York law. *See* N.Y. Exec. Law § 296(6)*(*making it unlawful "for any person to aid, abet, incite, compel or coerce" prohibited acts under the statute); *Falchenberg v. N.Y. State Dep't of Educ.*, 338 Fed. Appx. 11, 14 (2d Cir. 2009)(aiding and abetting "is only a viable theory where an underlying violation has taken place."); *Nicholson v. Staffing Auth.*, 2011 WL 344101, at *2 (S.D.N.Y. Feb. 1, 2011) ("A predicate requirement of aider-and-abettor liability is a finding of primary liability as to the employer."); *Kaufman v. Columbia Mem. Hosp.*, 2014 U.S. Dist. LEXIS 20096, at *37 (N.D.N.Y. Feb. 19, 2014) ("'Where no violation of the Human Rights Law by another party has been established, . . . an individual employee cannot be held liable for aiding or abetting such a violation.'")(quoting *Strauss v. New York State Dept. of Educ.*, 26 A.D.3d 67, 72 (3d Dep't 2005)). Defendants further argue that neither individual Defendant fits the applicable definition of an employer. Plaintiff argues that she has allege sufficient facts to establish that both Holmes and Collorafi are employers under New York law.

The New York Court of Appeals has held that an employee can be deemed an "employer," and be held liable for primary violations of the NYSHRL, when that employee (i) has an ownership interest; or (ii) has the power to independently make personnel decisions such as hiring, firing, determining employees' rates of pay, and controlling employees'

6

schedules and conditions of employment. *See Patrowich v. Chem. Bank*, 63 N.Y.2d 541, 543 (1984). The *Patrowich* decision "has been widely cited and understood by both state and federal courts as standing for the proposition that 'individuals may be subject to liability as employers if they have ownership interests in the [employing business] or do more than carry out personnel decisions of others.'" *E.E.O.C. v. Suffolk Laundry Services, Inc.*, --- F. Supp.3d ----, 2014 WL 4920178, at *23 (E.D.N.Y. Oct. 01, 2014)(quoting *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 53 (2d Cir. 2014))(alteration in original). "The four factors a court may consider under the second prong of the *Patrowich* test include whether the individual had the authority to hire and fire employees, supervised and controlled employee work schedules or employment conditions, determined payment rate and method, and maintained employment records." *Housel v. Rochester Institute of Technology*, 6 F. Supp.3d 294, 316 (W.D.N.Y. 2014 )(citing *Patrowich,* 63 N.Y.2d at 544); *see also Scalera v. Electrograph Systems, Inc.*, 848 F. Supp.2d 352, 371 (E.D.N.Y. 2012)("Courts turn to the 'economic realities' test in determining whether the individual defendant maintains powers that would open the door to individual liability under the second prong [of *Patrowich*]. Under the 'economic realities' test, courts balance whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. [T]his test is a fact-intensive balancing inquiry . . . . ")(citations omitted).

Plaintiff has alleged sufficient facts to plausibly suggest that both individual Defendants were "employers" under the second prong of the *Patrowich* test. Plaintiff

alleges that Holmes was a supervisor who had oversight responsibilities providing significant power to affect her employment, including, the power to terminate her employment, the power to reassign her, the power to determine the assignments she worked on, the power to determine the supervisors to whom she reported, and the power to affect the number of hours she worked. Compl. ¶¶ 26, 95. Plaintiff alleges that Collorafi was also a supervisor with oversight responsibilities providing power to affect her employment, including, the power to affect her assignments and the power to affect her hours. Compl. ¶ 93. While the allegations indicate that Collorafi had less power and control over Plaintiff's employment then did Holmes, the allegations are sufficient at this stage of the litigation to allow the matter to proceed against both as "employers." Thus, the motion on this ground is denied.

### c.  **Exhaustion of Administrative Remedies on Hostile Work Environment Claims**

Defendants next argue that Plaintiff's Hostile Work Environment claims must be dismissed because she failed to allege sufficient facts before the EEOC to put the Defendants on notice of the nature of her claim. The motion on this ground is denied.

As indicated above, Plaintiff asserted in her initial EEOC Complaint that she had been discriminated against because she was subjected to unwelcome comments and emails "of a sexual nature" from the summer of 2012 to September 6, 2012. In addition, she stated in her EEOC questionnaire that her action involved "discrimination based on sex (sexual-harassment)." Matula Decl. Ex. B, at 2. The combination of the initial Complaint and the EEOC questionnaire is sufficient to put the Defendants on notice of the nature of Plaintiff's sex-based discrimination claim. The motion on this ground is denied.

8

### d. Plausible Hostile Work Environment Claims

Finally, Defendants argue that Plaintiff has failed to allege plausible hostile work environment claims in her Complaint filed in this Court. The Court disagrees.

As Judge Kahn recently wrote:

"Sexual harassment is actionable under Title VII only if it is so 'severe or pervasive' as to 'alter the conditions of [the victim's] employment and create an abusive working environment.'" *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001) (quoting *Faragher v. Boca Raton*, 524 U.S. 775, 786 (1998) (other citations omitted)). "[I]solated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment," as is necessary to be actionable under Title VII. *Id.* at 270 (quoting *Faragher*, 524 U.S. at 788; *see also Williams v. Cnty. of Westchester*, 171 F.3d 98, 100 (2d Cir. 1999) (holding that, in order to meet his or her burden, a plaintiff must show "more than a few isolated incidents"). "In short, a plaintiff alleging a hostile work environment 'must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment.'" *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (quoting *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000)).

*Walters v. MedBest Medical Management, Inc.*, 2015 WL 860759, at *5 (N.D.N.Y. Feb. 27, 2015).

Plaintiff alleges that for a two-month period, Defendant Collorafi showed her inappropriate pictures, sent her inappropriate email correspondence, made inappropriate comments of a sexual nature to her, and sent her an inappropriate video of a sexual in nature. Compl. ¶17. Plaintiff asked for the conduct to stop, but it did not. Compl ¶¶ 18-20. Plaintiff told Holmes and counsel for Defendant State of New York that she feared for her personal safety when in the vicinity of Defendant Collorafi, Compl. ¶¶ 30, 48, but neither she nor Defendant Collorafi were reassigned such that they were away from each other. *See* Compl. 38, 39, 52. Accepting these allegations as true, as the Court must on this motion, Plaintiff has alleged plausible claims that she was subjected to severe or pervasive

9

sex-based conduct that altered the conditions of her employment and created an abusive working environment. The motion on this ground is denied.

## V. CONCLUSION

For the reasons stated above, Defendants' motion [dkt. # 14] is, in all respects, **DENIED.**

**IT IS SO ORDERED.**

Dated: March 9, 2015

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge