**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MARYANN HEISER,

                         Plaintiff,

          - v -                                     Civ. No. 1:14-CV-464
                                                             (TJM/DJS)

JOSEPH COLLORAFI, CHRISTOPHER HOLMES,
and STATE OF NEW YORK,

                        Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

COOPER, ERVING & SAVAGE, LLP             BRIAN W. MATULA, ESQ.
Attorney for Plaintiff
39 N. Pearl Street
Albany, N.Y. 12207

HON. ERIC T. SCHNEIDERMAN               HELENA LYNCH, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, N.Y. 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

**I.    PRELIMINARY STATEMENT**

      Presently before the Court is Defendants' Motion requesting that the Court set a reasonable expert fee that Defendants must pay for the deposition of Plaintiff's economic expert, Kenneth W. Reagles, Ph.D. Dkt. No. 44. Dr. Reagles seeks payment of $3145, comprising of two hours of deposition time at $500 per hour, and five and half hours of preparation time at $390 per hour. Defendants' counsel argues that the appropriate reimbursement rate should be $200 per hour, and that preparation time be limited to two hours, for a total fee of $800. For the reasons that follow,

the Court sets the reasonable hourly rate at $390 per hour, and determines that, based upon the limited record before it, the reasonable time expended was two hours deposition time and three hours preparation time. Thus, the Court awards an expert fee in the amount of $1950.00.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure state that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." FED. R. CIV. P. 26(b)(4)(A). Pursuant to Rule 26(b)(4)(E), "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery[.]" FED. R.CIV. P. 26(b)(4)(E)(i). In determining the reasonableness of a few, the follow factors are typically considered:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographical area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters.

*Korabik v. Arcelormittal Plate LLC*, 310 F.R.D. 205, 206 (E.D.N.Y. 2015) (citation omitted). "None of the foregoing factors have talismanic qualities. Instead, they provide a guide for the Court to utilize." *Magee v. The Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 645 (E.D.N.Y.1997).

The party seeking to be reimbursed bears the burden of demonstrating that the fee sought is reasonable. *See New York v. Solvent Chem. Co.,* 210 F.R.D. 462, 468 (W.D.N.Y.2002); *see also Marin v. United States*, 2008 WL 5351935, at *1 (S.D.N.Y. Dec. 22, 2008) (collecting cases). However, where the party seeking reimbursement fails to meet its burden, "the court may use its discretion to determine a reasonable fee." *New York v. Solvent Chem. Co.*, 210 F.R.D. at 468. Furthermore, "[w]hile a party may contract with any expert it chooses, the court will not

automatically tax the opposing party with any unreasonable fees charged by the expert." *Reit v. Post Props., Inc.,* 2010 WL 4537044, at *2 (S.D.N.Y. Nov. 4, 2010).

## III. DISCUSSION

This dispute has been a long time in the making. The Plaintiff had alleged that as a result of the harassing and discriminatory conduct of the Defendants, she was unlawfully terminated, and therefore had lost substantial income. Plaintiff retained K. W. Reagles & Associates, experts in vocational rehabilitation and economic services, and signed an agreement for retention on August 20, 2015. Dkt. No. 44-5. A comprehensive loss report was prepared in September 2015. Dkt. No. 44-2.

As part of the discovery process in this case, Defendants sought to depose Dr. Kenneth Reagles. That deposition was set for February 17, and in advance of the deposition, the expert requested prepayment of five thousand dollars in fees as set forth is his retaining agreement. Defense counsel objected and the matter was presented to the Court. *See* Dkt. Nos. 40 & 44-1. Therein, the Court denied the request for a flat fee of $5000 for the first four hours of a deposition and an additional $4000 for any time beyond that, as I determined that such request was neither reasonable nor appropriate. Dkt. No. 43. The Court reiterates that flat fees for expert appearances are "disfavored" and are generally considered unreasonable. *Nnodimele v. City of New York*, 2015 WL 4461008, at *2 (E.D.N.Y. July 21, 2015) ("Flat fees are disfavored because courts expect some reasonable relationship between the services rendered and the remuneration to which an expert is entitled.") (internal quotations and citation omitted); *see, e.g.*, *Korabik v. Arcelormittal Plate LLC*, 2015 WL 5719791, at *2 (E.D.N.Y. Sept. 29, 2015); (quoting *Kreyn v. Gateway Target*, 2008 WL 2946061, at *1 (E.D.N.Y. July 31, 2008), for the proposition that "[a] flat fee for an expert's

appearance, however, is generally unreasonable").

At the Court conference it was determined that the deposition would proceed forward, and that the issue of the reasonable fee would be resolved by consent, or, failing that, with a motion to be filed after the deposition. Dkt. No. 43. In addition, at the direction of the Court, the deposition was held in Syracuse, New York, close to Dr. Reagles's work, so that he would not be substantially inconvenienced. *Id.* According to the Defendants' submissions, the deposition was conducted in a timely manner and lasted approximately two hours. Dkt. No. 44-1, Helena Lynch, Esq., Decl., dated Feb. 25, 2016, at ¶ 22. At the end of the deposition, Dr. Reagles requested to be paid $750 per hour for his deposition time, and $390 per hour for the five and one half hours he spent for preparation time. Dkt. No. 45-1, Ex. B, Kenneth W. Reagles Dep. Tr. at pp. 103-04. There was an unfruitful exchange between the expert and defense counsel,[1] and the matter was ultimately presented to the Court by way of Motion.

The Defendants contend that the rate proposed by Dr. Reagles is unreasonable, that the amount of time he allegedly spent preparing for the deposition is unreasonable, and that the content of the report and the testimony was erroneous, and therefore not worthy of a high fee. Dkt. No. 44-8, Defs.' Mem. of Law. As to the latter point, the fact that Defendants believe that Dr. Reagles's testimony and report contained factual and mathematical errors, while certainly justifying their decision to depose him, does not change the fact that they are obligated to compensate Dr. Reagles

---

[1] After it was explained to Dr. Reagles that the Court would ultimately decide the reasonable rate for his deposition testimony, Dr. Reagles stated: "well, it would have certainly been nice if someone had told me that that's what you were planning to do. I wouldn't have been here." Dkt. No. 45-1, Reagles Dep. Tr. at p. 105. It is possible that this statement was made as a result of the Defendants Counsel's proposal to pay the expert two hundred dollars per hour for his time, a rate that he did not appreciate. The Court would remind Dr. Reagles, however, that the federal procedure to compensate experts post-deposition at a reasonable rate is well established under the rules, and a witness who simply refuses to show up for a court ordered deposition such as the one at issue, could face a proceeding for contempt under Federal Rule of Civil Procedure 45(g).

for his time. *See Equal Employment Opportunity Comm. v. Johnson & Higgins, Inc.* 1999 WL 32909 at *5 (S.D.N.Y. Jan. 21, 1999) (holding that the deposing party was still obligated to pay expert witness fees even though the deposing party believed that certain experts were redundant or were testifying on irrelevant issues based on the current posture of the case).

However, the fact that the expert's review of his report in preparation for the deposition may have resulted in changes in his testimony or his position, is relevant. Ordinarily, hours that an expert spends on preparation in connection with the expert's deposition are compensable under Rule 26(b)(4)(E). *See Kreyn v. Gateway Target*, 2008 WL 2946061, at *1. Nevertheless, courts have recognized that, with respect to deposition preparation time, Rule 26(b)(4)(E) should be applied with caution "since that time usually includes much of what ultimately is trial preparation work for the party retaining the expert." *Constellation Power Source, Inc. v. Select Energy, Inc.*, 2007 WL 188135, at *8 (D. Conn. Jan. 23, 2007) (citing 8A Wright & Miller, *Federal Practice & Procedure* § 2034, at 471 (3d ed. 2005)).

In the present case, Dr. Reagles is claiming a combined time of five and one half hours for deposition preparation. Of course, no one would have known for sure that the deposition would only last two hours, and the expert is entitled to be compensated for his reasonable review of the records to ensure that the deposition would proceed smoothly. However, in light of the fact that the extensive report that made up the bulk of the testimony was prepared just months before the deposition, the fact that Dr. Reagles testified that he prepared by reading the nineteen page report and talking with his staff, *see* Reagles Dep. Tr. at p. 99, that no other submissions were made regarding what the preparation entailed, and that at least some of the time prior to the deposition was spent on recalculations of loss after it was discovered that Dr. Reagles incorrectly calculated

a retirement benefit, the Court finds that three hours of preparation time is what is reasonable on this record. *See*, *Mannarino v. United States*, 218 F.R.D. 372, 376 (E.D.N.Y. 2003)

Having determined that the reasonable hours spent were five total, the Court next turns to the issue of a reasonable rate. There is no question that Dr. Reagles is well qualified, and that he is repleat with education and experience. It is also clear, however, that the factual issues involved in this report are not overly complex. In seeking a reduced rate, Defendants rely upon the amount that they are paying their own economic expert, as well as decisions awarding non-medical experts rates in the area a fee of $200 per hour. *See* Defs.' Mem. of Law at pp. 7-9 (citing cases). Plaintiff, on the other hand, points to a Connecticut case in which Dr. Reagles was awarded $500 per hour. Dkt. No. 45. The Court has before it certain guideposts, including the fact that Dr. Reagles initially requested an effective rate of $952.00 per hour ($5,000 for 2 hours and $390 for 5½ hours); the revised expert rate stated at the end of the deposition ($750 per 2 hours of deposition time and $390 for 5½ hours prep time); the third revised rate submitted by the expert ($500 per 2 hours of deposition time and $390 for 5½ hours); and the rate charged by Defendants' expert, Kevin Decker ($200 per hour). However, most significant to the Court is the retainer agreement of Dr. Reagles, which contains a specific hourly rate of $390 per hour, which is the only hourly rate that appears in this document, and is what the Plaintiff had agreed to pay. While there are separate figures for fixed and minimum fees, as noted earlier, those amounts are not controlling nor relevant to the Court in setting a reasonable hourly rate. Exercising my discretion, I adopt that hourly amount as within the range of reasonableness as an expert for Dr Reagles's qualifications. I further adopt the argument of Plaintiff's counsel that the hourly rate for preparation and the rate for testimony should be the same. *See Broushet v. Target Corp*, 274 F.R.D. 432, 434 (E.D.N.Y. 2011) (courts award the same

per hour fee for preparation as they do for the time being deposed).

## IV. CONCLUSION

In light of the foregoing, the Defendants' Motion (Dkt. No. 44) to set a reasonable rate for the deposition of Dr. Kenneth Reagles is **GRANTED in part and DENIED in part**. The Court sets Dr. Reagles's total fee for preparing and attending his deposition at $1,950.00, which is a result of three hours of preparation time and two hours of deposition time, all at a rate of $390.00 per hour. The Defendants are directed to make payment of the total amount, less any amount paid to date, within twenty-one days of the filing date of this Order.

**SO ORDERED.**

Date: April 18, 2016
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge